UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRABHASH JAIN,<br><br>Plaintiff,<br><br>v.<br><br>S1 BIOPHARMA, CO, et al.<br><br>Defendants. | Civil Action No. 24-924 (CCC)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Prabhash Jain ("Plaintiff") for Alternative Service on Defendants S1 Biopharma, Co. ("S1") and Trinet HR II, Inc. ("Trinet") (collectively, "Defendants") [Dkt. No. 5]. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion [Dkt. No. 5] is **DENIED without prejudice**.

I. **BACKGROUND**

On February 19, 2024, Plaintiff filed this action against Defendants S1 and Trinet. Dkt. No. 1. This case arises out of Defendants' alleged failure to pay Plaintiff approximately $300,000 in wages earned by Plaintiff during his seven-year employ with Defendant S1. *See generally id.* Plaintiff was employed by S1 from March 2014 until June 2021 as a support and finance manager, and served in varying full and part-time capacities. *Id.* ¶¶ 14-15, 30, 44, 52, 58. Defendant Trinet served as S1's human resources vendor during the relevant period. *Id.* ¶ 27. Plaintiff sues to recover wages allegedly owing and due under breach of contract and unjust enrichment theories (Counts One and Five), and further alleges violations of the Fair Labor

Standards Act ("FLSA") (Count Two), Title VII of the Civil Rights Act of 1964 ("Title VII") and New Jersey Law Against Discrimination ("LAD") (Count Three), and New Jersey Conscientious Employee Protection Act ("CEPA") (Count Four). *Id*. at p. 10-16. Nearly three months after filing the Complaint, Plaintiff made an initial attempt at serving Defendants and was not successful. *See* Dkt. Nos. 1, 5. As a result, Plaintiff now seeks leave to serve Defendants through alternative methods of service, requesting that he be permitted to serve Defendant S1 via email and Defendant Trinet via facsimile. Pl.'s Moving Br. at 1, Dkt. No. 5. Plaintiff's attorney, Clifford D. Dawkins, Esq. ("Dawkins"), filed an affidavit (the "Dawkins Affidavit") in support of the present motion. Dkt. No. 5-1.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h) provides the framework for service of process on corporations. Service upon a domestic corporation may be effectuated in one of two ways:

> [First] in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> [second] by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]

Fed. R. Civ. P. 4(h). As for the first method, Rule 4(e)(1) provides that an individual may be served within a judicial district of the United States by following the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). In New Jersey, personal service is the primary and preferred method for serving individuals and corporate defendants within and outside the state. *See* N.J. Ct. R. 4:4-4(a); N.J. Ct. R. 4:4-4(a)(6). Service upon a corporation is traditionally effected by "serving a copy of the summons and complaint [to the individual personally] on any officer, director, trustee or managing or general agent . . . ." N.J. Ct. R 4:4-4(a)(6). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be

accomplished. *See* N.J. Ct. R. 4:4-4(b). "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"There is no objective formulaic standard for determining due diligence, the court must instead assess diligence by performing a fact-sensitive inquiry of the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Truist Bank v. Elgeo Corp.*, 24-1533, 2024 WL 3898038, at *3 (D.N.J. Aug. 22, 2024) (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan*, 327 N.J. Super. at 48-49). In addition, "[t]he diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *HD Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted). Namely, "[t]he proposed method of service must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694, at * 4 (D.N.J. Mar. 23, 2022) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (internal quotations omitted).

### A. Due Diligence

As a threshold matter, Plaintiff has not shown due diligence in attempting to serve Defendants. While Plaintiff took some steps towards effectuating service, primarily for Defendant S1, Plaintiff's lukewarm efforts to locate and serve Defendants do not constitute due diligence. Here, Plaintiff twice attempted service upon Defendant S1, once at S1's publicly listed physical address in New York and once at S1's physical offices in Maryland. Dawkins Aff. ¶¶ 8-13; Dawkins Aff., Exs. B-C, Dkt. Nos. 5-3-5-4. Plaintiff likewise directed a third-party process server to serve Defendant Trinet at its physical address in California. *Id.*, Ex. D, Dkt. No. 5-5. All three of Plaintiff's attempts to serve Defendants through a third-party process server were rebuffed. *See id.*, Exs. B-D. Plaintiff's third-party process servers state that S1 has moved from its New York office, and that Trinet rejected service at its California address. *Id.* Plaintiff was unable to contact counsel for S1 and further concluded that in-state personal service could not be accomplished since, according to Plaintiff, Defendants[1] do not have registered agents within the State. *Id.* ¶¶ 6-7, 14.

Despite Plaintiff's efforts, it is not clear from the record that Plaintiff has exercised all available means of effectuating service under New Jersey Court Rule 4:4-4(a), and consequently Federal Rule of Civil Procedure 4(h). Thus, because due diligence is lacking, substitute service upon Defendants is not appropriate at this juncture. Before constructive or substituted service may occur, Plaintiff must first attempt personal service upon Defendants' directors, officers or agents. *See* N.J. Ct. R. 4:4-4(b)(3) (providing that service by court order is available only where "service cannot be made by any of the modes provided by [N.J. Ct. R. 4:4-4]"); *see also* Fed. R. Civ. P.

---

[1] The meaning of "Defendants" in the Dawkins Affidavit appears to refer interchangeably to Defendant S1, individually, and to Defendants S1 and Trinet, collectively. For purposes of this motion, the Court assumes "Defendants" references S1 and Trinet collectively.

4(h)(1)(B); N.J. Ct. R. 4:4-4(a)(6) (authorizing personal service upon a corporation's officers, directors and managing or general agents). The Complaint names two directors of Defendant S1, Chief Executive Officer, Nicolas G. Sitchon, and Chief Financial Officer ("CFO"), John F. Kaufman ("Kaufman")—but Plaintiff's counsel's supporting affidavit is devoid of any indication that personal service upon those S1 directors was attempted. Compl. ¶¶ 15, 18; *see generally* Dawkins Aff. Nor was the possibility of serving S1's directors thoroughly investigated.[2] Similarly and regarding Defendant Trinet, Plaintiff's one attempt at effectuating service through a third-party process server unequivocally falls short of the diligence required for substitute service.

Moreover, several other methods of serving Defendants are apparent to this Court, such as, repeated efforts to serve Defendants at their publicly listed addresses; requests to Defendants for waivers of service in accordance with Federal Rule of Civil Procedure 4(d); or additional internet research, through a private investigator, a search of court records or otherwise. *Truist Bank* is illustrative. *See*, *e.g.*, *Truist Bank v. Elgeo Corp.*, 2024 WL 3898038, at *2, *4 (D.N.J. Aug. 22, 2024). There, the court granted in part plaintiff's motion for alternative service after determining that plaintiff's "varied and numerous attempts to locate and personally serve [d]efendants" constituted due diligence. *Id.* at *5. Truist Bank explored several avenues for serving defendants, including using third-party process servers to attempt personal service upon defendants at least nine times and at multiple addresses. *Id.* at *4. Truist Bank made additional attempts at locating defendants by performing internet, social media and court records/PACER searches, and even requested waivers of service of process from defendants. *Id.* at *2, *4. In sum, because the record here does not clearly demonstrate that statutory methods of serving Defendants have proven

---

[2] *See* Dawkins Aff. ¶ 7 (concluding plainly that Defendants "could [not] be personally served with process in the State").

ineffective, Plaintiff has not shown due diligence. Though denial of Plaintiff's motion is warranted on this ground alone, the Court turns next to concerns of due process.

### B. Due Process

Even assuming Plaintiff has exercised due diligence, due process concerns provide a further basis for denial of Plaintiff's motion. Substitute service must be "consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3); *see also Marlabs Inc. v. Jakher*, No. 07-4074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). Plaintiff argues that before filing this action he and his former counsel "had several email communications with Defendant S1's Directors" and, as such, email is "a reliable method of reaching the Defendants and providing them with notice." Pl.'s Moving Br. at 5; Dawkins Aff. ¶¶ 4-5. In support of his argument, Plaintiff offers a December 30, 2022 email from his former counsel to the business and personal email addresses he claims are associated with S1's CFO, Kaufman. *See* Dawkins Aff., Ex. A, Dkt. No. 5-2. That correspondence concerns Plaintiff's acceptance of a payment plan for the unpaid wages he claims are owed. *Id.* As to Defendant Trinet, Plaintiff asserts that a facsimile number on Trinet's website is the most likely means of providing the requisite notice. Pl.'s Moving Br. at 5.

Courts in the Third Circuit have authorized service by email where the movant supplies facts indicating that the person to be served is likely to receive the summons and complaint at the given email address. *See U.S. Sec. and Exch. Comm'n v. Vuuzle Media Corp.*, 21-1226, 2021 WL 1731947, at *3 (D.N.J. May 3, 2021) (citations omitted) (finding due process prong satisfied where movant supplied recent communications, financial records and press releases as evidence of defendant's repeated and current usage of the suggested email address). Nevertheless, Plaintiff's offered evidence here falls short of the notice due process requires. A single unilateral email from

Plaintiff's former counsel to a purported employee of S1, dating back more than a year before the filing of this action, without more, is insufficient to verify the connection between Defendant S1 and the email addresses provided. *See* Dawkins Aff., Ex. A. Plaintiff has not demonstrated that Kaufman actively uses the suggested email addresses, nor that Kaufman ever sent or received communications relating to Plaintiff at the suggested email addresses. *See Vaswani, Inc. v. Manjunathamurthy*, No. 20-20288, 2021 WL 1541071 at *3 (D.N.J. Apr. 19, 2021) (denying in part plaintiff's motion for alternative service where plaintiff provided "neither an official or otherwise reliable source" that the email address in question was "[defendant's] email address, nor any proof that [defendant] actively uses it"). Therefore, service by email would not be reasonably calculated to formally give Defendant S1 notice of this action. *Vuuzle Media Corp.*, 2021 WL 1731947, at *3. For substantially the same reasons, service upon Defendant Trinet through facsimile is not appropriate. Accordingly, for the reasons stated, the Court **DENIES without prejudice** Plaintiff's motion for alternative service as to Defendants.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **24th** day of **October 2024**,

**ORDERED** that Plaintiff's Motion for Alternative Service [Dkt. No. 5] is **DENIED without prejudice**.

*s/ James B. Clark, III*
**JAMES B. CLARK, III**
**United States Magistrate Judge**